UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KEVIN LEE ROSS,                           )
                                          )
       Plaintiff                  )
                                          )
    v.                                )        1:24-cv-00016-NT
                                          )
PIKE, et al.,                             )
                                          )
       Defendants                 )

## RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT

Plaintiff seeks relief from various officials at the Somerset County Jail, where Plaintiff is currently confined.  (Complaint, ECF No. 1.)  Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

### FACTUAL ALLEGATIONS

Plaintiff alleges that he has been "denied access to courts," that he has been subject to "retaliation" and "cruel and unusual punishment," and that his right to "equal protection" has been violated. (Complaint at 3.)  Plaintiff further asserts that jail officials "work together to strip inmates of all rights." (*Id.*)

**LEGAL STANDARD**

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers.  *See* 28 U.S.C. § 1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'"  *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

**DISCUSSION**

The issue is whether Plaintiff has alleged facts that would support a finding of a constitutional deprivation. Plaintiff's complaint consists of conclusory statements unsupported by any facts. "Though … pro se complaints are to be read generously, allegations of conspiracy must nevertheless be supported by material facts, not merely

2

conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted).  The pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*  Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013); s*ee also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

Plaintiff has not alleged any facts that would support a plausible claim against any of the defendants.  Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of January, 2024.

4